**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4070**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HUGH EPPS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, Chief District Judge. (3:07-cr-00420-JRS-1)

Submitted: July 29, 2009        Decided: August 31, 2009

Before MOTZ, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Timothy V. Anderson, ANDERSON & ASSOCIATES, Virginia Beach, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, Michael C. Moore, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Appellant Hugh Epps was convicted of one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006), and one count of conspiracy to distribute five kilograms or more of cocaine hydrochloride and fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006), as enhanced by 21 U.S.C. § 851 (2006). Pursuant to Fed. R. Crim. P. 32.2(b), the district court entered an order of forfeiture directing that a judgment in the amount of $100,000 be included as part of the sentence, in accordance with 21 U.S.C. § 853(p) (2006). Epps challenges the court's denial of his motion to dismiss the indictment due to an alleged violation of the Speedy Trial Act, 18 U.S.C.A. §§ 3161-3174 (West 2000 & Supp. 2009), and the entry of the order of forfeiture. Finding no error, we affirm.

We review de novo the district court's legal interpretation of the Speedy Trial Act and review factual findings for clear error. See United States v. Bush, 404 F.3d 263, 272 (4th Cir. 2005). The Speedy Trial Act provides, in relevant part, that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date . . . of the

2

information or indictment, or from the date the defendant has appeared before a judicial officer . . . whichever date last occurs." 18 U.S.C.A. § 3161(c)(1) (2006). The Act excludes from the seventy-day calculation any "delay resulting from any proceeding, including any examinations to determine the mental competency or physical capacity of the defendant." 18 U.S.C.A. § 3161(h)(1)(A). Also not counted under the Act is "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C.A. § 3161(h)(1)(D). Furthermore, excluded is all the time from filing the motion until a hearing on the motion, even if the delay in holding a hearing was not reasonably necessary. Henderson v. United States, 476 U.S. 328, 330 (1986).

We have reviewed the record and Epps' arguments on appeal concerning the Speedy Trial Act and find there is no reversible error. The time from which Epps filed his motion for a continuance and a competency evaluation and hearing until the time the court held the competency hearing was excludable. There was also no plain error with respect to the court's decision to grant the Government's unopposed motion and count as excludable from the seventy-day clock, the period between the competency hearing and the trial date.

3

Epps argues that the district court erroneously entered an order of forfeiture without considering the assets he held at sentencing. This claim is without merit. There are no statutory or maximum limits to the amount of forfeiture. United States v. Alamoudi, 452 F.3d 310, 314 (4th Cir. 2006). Criminal forfeiture is "concerned not with how much an individual has but with how much he received in connection with the commission of the crime." United States v. Vampire Nation, 451 F.3d 189, 201 (3d Cir. 2006) (internal quotation marks omitted).

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED